# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARTIN AKERMAN,
                    Appellant,

                v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-3443-22-0639-I-1

DATE: May 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martin Akerman</u>, Arlington, Virginia, pro se.

<u>William R. Kraus</u>, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, dismissing his appeal of the decision by the Office of the Inspector General for the Intelligence Community (IC OIG) declining to review the closure of his Department of Defense Office of the Inspector General complaint for lack of jurisdiction. The appellant has filed a petition for review,[2] stating that this appeal "is a continuation of PPD-19 claims which were brought back to MSPB under

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

authority granted to handle 2302(b)(8) claims." Petition for Review (PFR) File, Tab 1 at 4. He also argues that he is entitled to default judgment because the agency did not respond to the jurisdictional order, and requests that the Board issue a final decision in his favor.[3] *Id.* at 3, 5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

---

[2] On June 26, 2023, the appellant filed a pleading entitled "Request to Withdraw PFR," stating that he was "respectfully requesting the withdrawal of [his] petition for review." Petition for Review (PFR) File, Tab 14 at 3. Consistent with Board policy, the Office of the Clerk of the Board responded to the appellant, informing him that "to ensure the appellant's request to withdraw his petition for review is knowing and voluntary, the appellant is ordered to submit a brief pleading within 7 days of the date of this Order confirming that his request to withdraw his petition for review is voluntary and that he understands the withdrawal is with prejudice to refiling with the Board." PFR File, Tab 15 at 2 (emphasis removed). Thereafter, the Office of the Clerk of the Board issued a second order again informing the appellant of the steps necessary to withdraw his petition for review. PFR File, Tab 17. That order also informed the appellant that if he did not file a pleading confirming his intent to withdraw his petition for review, the Office of the Clerk of the Board would not act on his request to withdraw the petition for review, and the Board would instead issue a decision. *Id.* at 1-2. The appellant filed multiple pleadings which were rejected as noncompliant by the Office of the Clerk of the Board, but to date, the appellant has not filed a pleading confirming his intent to withdraw his petition for review. PFR File, Tabs 16, 18-20. Therefore, the Board is issuing this decision addressing the appellant's petition for review.

[3] The appellant also filed two motions for leave to file new evidence, claiming that he had evidence of due process violations and harmful error, and stating that he consents to the intervention of the Office of Special Counsel (OSC). PFR File, Tabs 10, 12. As an initial matter, OSC has not requested to intervene in this matter. Regarding the new evidence the appellant seeks to file, the appellant has not provided any details regarding the evidence he wishes to submit, or the relevancy thereof, and thus we deny the appellant's motions. 5 C.F.R. § 1201.114(k).

After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge found that the appellant failed to present any evidence or argument establishing the Board's jurisdiction over IC OIG's decision. Initial Appeal File (IAF), Tab 7, Initial Decision at 3-4. On review, the appellant has presented no basis to disturb the administrative judge's findings.[4] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). However, to the extent that the appellant contends that the issues in this appeal should be considered in his appeals in MSPB Docket Nos. DC-1221-22-0257-W-2 and DC-1221-22-0445-W-2, the appellant may raise that argument with the administrative judge, in a manner that is both consistent with Board regulations and any instructions set forth by the administrative judge.

---

[4] Although we agree with the administrative judge that the appellant failed to establish jurisdiction over his appeal, she applied the nonfrivolous allegation standard, when, per the Board's regulations, the appellant is required to prove jurisdiction by preponderant evidence. Initial Decision (ID) at 3-4; 5 C.F.R. § 1201.56(b)(2)(i)(A). However, because we agree with the administrative judge that the appellant failed to meet the less rigorous nonfrivolous allegation standard, he cannot meet the more stringent preponderant evidence standard. ID at 3-4. Therefore, the administrative judge's error does not serve as a basis to disturb the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

# NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          _____
                                                      Gina K. Grippando
                                                      Clerk of the Board

Washington, D.C.